Good morning. Our first case today is United States v. John Francis Ley. Ms. Stern? Good morning. May it please the Court, Samantha Stern, Assistant Federal Public Defender, on behalf of John Ley, I'd like to reserve three minutes for rebuttal. Granted. Guideline 4A.1.2 is clear. Prior sentences imposed on the same day are treated as a single sentence unless there was an intervening arrest. The majority of circuits that have addressed this issue have held that this guideline means what it says and requires an intervening custodial arrest. The Commission apparently agrees with this majority approach and cites the majority cases Powell v. Leal-Felix in its criminal history primer, which it issued in June of 2016. Ms. Stern, let me ask you a very simple question up front. Why do you think this is, that without an intervening arrest, whatever that is, that it only counts as a single sentence? Why do you think that is? This rule is consistent with the Commission's concern with addressing likelihood of recidivism and also just punishment. Generally, when offense conduct is charged by summons or citation as opposed to a full-blown custodial arrest, you're dealing with less serious offenses, misdemeanor, petty offenses. If you look at the other portions of this guideline, you see the Commission doesn't want to overstate the relevance of minor and petty offenses in a criminal history score. You mentioned recidivism. In this case, the facts aren't altogether clear, even in the record, but your client gets, I'm going to say he gets charged with something on September 28th. They send him home, we're going to send you the summons. Then he apparently gets charged with the very same thing, September 29th. Isn't that an indication that he didn't learn on September 28th for whatever reason? I understand that argument, Your Honor. Isn't that a sort of recidivism argument that says there was this intervening confrontation with law enforcement and he didn't learn anything on the 28th? Just because he got sentenced on the same day, why should we treat this as one instead of two? Well, in the officer's estimation, Mr. Lay did not pose a grave enough risk that he should be arrested that day, and the Commission has chosen to use the word arrest. Arrest is a term of art. It has a meaning in common usage and also in legal jurisprudence. It's consistent throughout, and it requires the taking of a person into custody. And in the Commission's view, someone who reoffends after a full-blown arrest is appreciably in a different position than someone who may reoffend after a less significant police encounter. That custodial arrest should have a deterrent effect, and in this unique case, it doesn't. You differentiated between minor and more serious offenses, and isn't that accounted for in, for instance, the career criminal guideline and the consideration of the criminal history? And it's considered once. Why do we need to consider it twice? Because the Commission has made clear throughout these guidelines that petty and misdemeanor offenses are to be treated differently. I submit that twice... So, I mean, that's already in the guidelines. That's already there. It's something that the district judge is aware of and will take into account. And when you have here entirely different offenses involving different controlled substances, isn't it appropriate to consider whether after the first stop, the guy went home and turned around the next day and did exactly the same thing? And if it was minor or not minor, that will be taken care of when the judge considers the criminal history and the offenses involved. I think it's important that the judge apply the guideline text as it's written, and the Commission has provided hints that petty and minor offenses of a similar nature to those involved here, we really don't want to overstate defendant's criminal history. There are lists provided in 4A1.2C of certain petty and misdemeanor offenses that will never get criminal history points. And I submit that... This is somewhere in the middle, right? This is not enumerated as one of those, right? That's correct, Your Honor, but... So we're in that gray middle area between clear arrest and speeding citation. And the structure of the other portions of the guidelines, such as the list I just pointed Your Honor to, I think helps us to understand why the Commission chose to use the term arrest here, rather than choosing the term intervening charge or intervening apprehension. The Commission wasn't just concerned with recidivism. The Commission takes care in all portions of these guidelines to ensure that petty and misdemeanor offenses are not going to be assessed too many points in the criminal history score. Now, you know, in some states, at least it used to be, and I think it still is in some states, if you get arrested for certain misdemeanor offenses, you're taken into the police station. And even though you might be allowed to, quote, post bail, that could constitute an arrest, whereas in Pennsylvania, you may be told, like your client did, well, we'll send you the paperwork. We'll send you a summons. How do you treat those? It's supposed that this incident, your client's two incidents occurred in North Carolina, where they used to have that process, where no matter what it was, they dragged you into the police station, you posted bail, and then you went on your way. Why should we treat the North Carolina, quote, arrest any different than the Pennsylvania arrest? Because that's what the guideline language instructs. Well, but what I just described, would that constitute an arrest? A police officer stops you on a highway in North Carolina and takes you into the police station. The record's clear that the police have taken the suspect into custody. An arrest has occurred. On these facts, we know an arrest did not occur that day. There was a traffic stop. There's a narrative provided in paragraph 35 of the PSR. It's clear the officers did not arrest him. So really… You're making a plain language argument from the guidelines, right? That's right, Your Honor. The word we have to interpret is arrest. That word has been defined somewhat clearly by the Supreme Court and the circuits, and you're saying this was not an arrest. And really, the severity of the crime is immaterial, I take it, based on your argument. That's correct. Even if Mr. Lay had committed – and they did find evidence, right, during the initial stop, right? Yes, Your Honor. And the evidence could have been five kilos of cocaine, but if they released him and said, we'll send you summons, your argument, I assume, is the same, that there was no arrest. My argument would be the same. However, in all likelihood, with the five kilos, officers are going to be making an arrest. And that's why arrest here is sort of a proxy for severity of offense as well as trying to address recidivism. Exactly. But Judge Fischer just pointed out, I think quite correctly, that it's not always a proxy because, you know, 50 states have different rules. Absolutely. And these guidelines apply uniformly. And in order to provide for the most uniform application, you know, the commission has used the term arrest, and courts will have to – There's no ambiguity? I submit there's no ambiguity. If you interpret arrest in accordance with its plain meaning, if you think we can go down this road of including traffic stops and summons, then you're introducing ambiguity into the guideline, and the rule of lenity would dictate that this guideline should be construed more narrowly in the defendant's favor. Can we turn to the second issue for a minute? Yes, Your Honor. It seems to me that that issue was forfeited regarding the categorization of the aggravated assault conviction as a crime of violence. Why – I assume you disagree with that. Tell me why. Or maybe you don't. Maybe you think it is plain error review, but you went on plain error. No, Your Honor. It's not plain error because Mr. Lay did object at sentencing. He objected to the application of the enhancement. There was no question the government had the burden of proving that this enhancement applied. They offered nothing at the time of sentencing. Now on appeal, they don't defend the district court's implicit holding that Pennsylvania aggravated assault categorically qualifies. They're basically treating this appeal as a resentencing proceeding where they can offer new records to show new facts, never before the district court. But where was the argument raised? You're familiar with Chief Judge Smith's opinion in Joseph about the distinction between issues and arguments? I am, Your Honor. Where was the argument raised below? Where can you point to that? Defense counsel objected after the government attempted to essentially get a waiver on this issue. And he indicated that after Johnson, Pennsylvania aggravated assault no longer qualifies as a crime of violence. That can only be understood as an argument that Pennsylvania aggravated assault does not categorically qualify under the remaining operational clauses of the guideline. And by this time, the residual clause was out. The commission had already amended the guideline. So what we were dealing with here was the force clause and the enumerated defense clause reference to aggravated assault. At the time, Mr. Lay objected. You're saying the residual clause was out, but Beckles told us the residual clause is back in again. The residual clause was out at this time because the commission had already acted in the wake of Johnson to excise the residual clause. The guideline, in effect, when Mr. Lay was sentenced had no residual clause. The court could not have relied on it. And once Mr. Lay objected, the government... Can we look at the Shepard document, under Shepard, can we look at this ourselves and make a determination under the modified categorical approach as to whether this qualifies? Your Honor should sooner send it back to the district court and allow the district court to determine whether the government deserves a second bite at the apple to offer records never introduced before the district court to prove facts never even attempted. They never attempted to establish at that level. Once Mr. Lay objected at sentencing, which the government was fully anticipating when it sought a waiver on this issue, she could have either offered the documents or requested a continuance to allow her to make the record that she needed. Instead, she went forward on the record as it stood. And I see my time is up, so I will reserve my remaining time for rebuttal. All right, thank you, Ms. Stern. We'll hear you on rebuttal. Ms. Irwin? May it please the Court, Laura Irwin from the U.S. Attorney's Office on behalf of the government. Starting with the issue of the intervening arrest, it's our position that there really is no issue before this Court with regard to the intervening arrest. What Mr. Lay has failed to acknowledge in his opening brief and only belatedly in his reply brief is that the probation officer submitted a supplemental addendum that addressed the fact of whether or not there was an arrest. Ms. Irwin, I have to be candid with you. I believe you've made a factual error on that. And I think we need to pay careful attention to the addendum. Does it not refer back to the paragraph, I believe it's 35? I might be wrong on the number, but paragraph 36, right? Does not the supplement refer to paragraph 36? Actually, it refers to paragraph 35 and says that the defendant was arrested and is supported by not only the narrative in the PSR, but also the magisterial district court docket sheet, the defendant's sentencing order, and the defendant's rap sheet, which lists defendant's arrest date as September 28, 2015. That's on page 2 of the supplemental addendum. Okay. So it doesn't refer back to paragraph 36, it refers to paragraph 35? That's correct. Okay. And paragraph 35 refers to the September 28th stop, whereas paragraph 36 refers to the 29th? That's correct. But arrest is arrest. I mean, if the Sentencing Commission wants to consider something else, like the difference between the crimes or an intervening stop, that's one thing. But they use the word arrest. And if they want to incorporate more meaning than just arrest in that, shouldn't they change the language? Well, perhaps they should. But as it stands at this point, we know from looking at the reason why we have this section, which is criminal history, it's to assess whether or not this person is a recidivist, whether or not they have been stopped by police, given notice of their activity as being illegal, and then have continued to pursue that same path. You just redefined arrest, though. Stopped by police for doing something wrong, that's your definition of arrest? No, I don't believe we have to come up with a definition of arrest that qualifies for every purpose under the sun. It's simply to identify a bookmark. Has there been an interaction with law enforcement? Why substitute the word interaction for the word arrest? Arrest is the word we must home in on, correct? That's true. Well, so if Lay had been stopped on the 28th for failing to signal a lane change, and he was stopped for 15 minutes and they checked his license and registration, insurance, and then they issued him a $150 ticket, is that an arrest? No, there would have to be some sort of summons that would come. And there was a summons for him to appear in court. That's an arrest. Well, that wouldn't qualify necessarily as under criminal history, though. No, I'm just trying to, for purposes of 4A1.2, is that hypothetical I gave you an arrest? Well, the conduct has to go back to, well, I see your point, but I think what we have to understand is. . . But I'm asking for an answer. Yeah, I think it's a yes or no. The hypothetical is John Francis Lay on September 28th is stopped for failing to signal a lane change. He's stopped for 15 minutes. They issue him a paper, a summons for violating the law, and he's summoned to appear. Is that an arrest? I think that has to be an arrest. That's an arrest. I believe so. Why? Because the car was pulled over or because they gave him a summons? Because they gave him a summons. All right. So you're saying, your argument, which is fine, is that any summons equals an arrest. I believe there has to be a consistent federal definition, yes. All right. So if John Francis Lay walks down Grant Street and he jaywalks across 7th Avenue, as happens, and the police have had enough of that, and they issue him a piece of paper called a summons requiring him to appear, that's an arrest? I think we have to apply a consistent definition throughout. That's a yes? Yes. Okay. But keep in mind, though, You use the word definition. Where do you get that definition from? I think it comes from an understanding of the guidelines themselves and what their intent is. Okay. And that was the initial question I asked Ms. Stern. What was the whole purpose for this, quote, exception, whatever exception it is, arrest plus sentencing on the same day means single episode. Or no arrest, sentencing on the same day, single episode. What was the purpose for that? The purpose is to identify those that recidivate and to make sure that people with similar backgrounds, similar criminal history backgrounds, are treated the same. But aren't we required to follow what the Supreme Court says? And if the Supreme Court defines arrest, how can we say, well, that's very nice, but we're just going to give it a different interpretation here because obviously that's what the sentencing commission meant. Because here we're interpreting the sentencing guidelines. But we're bound by the Supreme Court in interpreting the sentencing guidelines. I'm unfamiliar with the Supreme Court case that defines the term arrest for the purposes of the guidelines. I don't believe one's been cited. Why would we use a different interpretation of arrest throughout all of other criminal law when we're interpreting 4A1.2? Wouldn't the default position be to use the same definition of arrest for purposes of 4A1.2 unless instructed otherwise? Well, I think it goes back to why we're defining it. We're defining it for purposes of the sentencing guidelines. It reminds me of the position you took in the decision in Nagel, which is the court defined a term based on the DBE program, and your dissent was we should be defining it for purposes of the sentencing guidelines. We didn't pay attention to him in that dissent, so you can't use that here. But what I would like to go back to. You might be on weak footing. You're on weak footing whenever you're citing me. And when you're citing me in dissent, you're on especially weak footing. I would like to go back to what the real issue is here. This is an issue the court does not need to decide. What happened here is a series of events where the supplemental addendum came out and said, yes, as a matter of fact, there was an arrest. I think that's your best argument, and I appreciate you correcting me. But to Judge Roth's point, we can't allow the probation office to define the word arrest for purposes of 4A1.2. Don't we, consistent with Judge Roth's questions, have to adhere to what the Supreme Court has told us that term of art means? Well, I'm not familiar with the decision that you're talking about from the Supreme Court. But if it relies on what it means for purposes of the Fourth Amendment, that's different than what it means for purposes of determining someone's criminal history to determine whether or not they're recidivist. Let's go back to the probation office's supplemental report. I mean, isn't that just restating the question that's before our court? They were the ones that said there was an arrest. They were the ones that categorized it as an arrest. But that's the issue that we have to decide is was the issuance of that summons for possession of drug paraphernalia an arrest under the sentencing guidelines? I disagree with you, Judge Fischer, and it's because this report says this word arrest is used in these places, and it cites those specific places. That's a legal conclusion. Well, I believe it's a factual conclusion. As a matter of fact, these documents say there's an arrest. There is the legal question of whether that... Are you saying the documents said that Mr. Lay was arrested on September 28? That's correct. According to the supplemental addendum, which the defendant never challenged. So we have the issue of we're in here in court on the date of sentencing. The judge asks Mr. Lay's lawyer, have you read the supplemental addendum? And he says yes. They go on to sentencing. We get to sentencing, and the AUSA has asked her position on sentencing, and she knows. We have the supplemental addendum. We don't need to beat a dead horse on this. He has, as a matter of fact, an intervening arrest. If Mr. Lay wanted to continue to challenge that, he should have objected at that point. So the question would then be the language used by the person creating the document that memorialized what happened on September 28. I suppose that is an issue. I mean, it has nothing to do with... So if Lay comes in, and he's doing here, or if he came in more specifically and said, hey, wait a minute, at the sentencing hearing, they're saying I was arrested. I wasn't arrested. I was told I was going to get a summons. I went on my way. The police went on their way. And he has every right to do that, but he didn't do it here. That's the problem we're facing. So we have this issue. The issue he objected to was whether a summons qualifies as an intervening arrest. The district court issued its tentative findings. The amended PSR comes out with the answer, as a matter of fact, there was an arrest. We go on to sentencing, and there's never a recognition by the defendant that that is a game changer, that is a matter of fact. We come to our opening brief, and the issue, again, is whether a summons qualifies as an arrest. By the time we get to the reply brief, the question of waiver is addressed to the extent of, this supplemental appendix means absolutely nothing, which we believe to be factually incorrect. No, I think, I mean, I'm looking at the supplemental appendix. It refers to 36 as well as 35. It does. That's true. So how do we know that their view of it was that, you know, 36 does not talk about a guy being arrested. It does not talk about the defendant being taken into custody. So why wouldn't it have been reasonable for them to rely on that, consistent with their argument that the issuance of a summons does not rise to the level of an arrest? I understand your point, that this, to the extent you read this as not being clear, again, the defendant has the burden to come forward and say, this is the problem I have with this, so that we can decide this before the district court, so we're not in the position we find ourselves in now, which is addressing an issue that has never, is not before the district court, was not before the district court. He's now saying in his reply brief, we need a full-blown custodial arrest to qualify. I don't even know what that means. It's not even used in the decisions he relies upon. In fact, in Leo Felix, the court says an arrest may be simply telling a defendant that he is under arrest. I thought they argued it the other way. I thought their argument in the district court, correct me if I'm wrong, but I thought it was summons on September 28th did not equal an arrest for purposes of 4A1.2. That's correct. That was their argument. You're saying that they later forfeited that argument somehow by doing what? Well, it becomes irrelevant. What becomes irrelevant? Whether summons qualifies as an arrest, because we have the supplemental appendix that demonstrates as a matter of fact that there was an arrest. No, it just repeats the district court. By the time the supplemental appendix was issued, the district court had already disagreed with their argument and said, I, the district judge, find that there was an arrest on the 28th of September. And the supplement just parrots the district court's finding. And then they take an appeal, and they're arguing to us, just as they did in the district court, the summons issued on September 28th was not an arrest. That seems to be a live issue in this court. Again, our position is that the supplemental appendix changed the playing field. But the point still remains that if we are deciding. How? I don't understand how it could. How could this supplemental appendix, which parrots a finding by the district judge, be the source of a forfeiture on behalf of the defense that made the argument in the district court and is continuing to make the same argument here? Because, again, our position is that it does not parrot the tentative findings. Okay, why? Because she goes, the probation officer says, there are these additional documents that say that there is an arrest. Those documents were not referenced in the paragraphs of the PSR. And what are those documents? The documents are the magisterial district court docket sheet, the defendant's sentencing order, and the defendant's rap sheet. And all of those say he was arrested on September 28th? Yeah, they say his arrest date is September 28th, 2015. But they do not indicate that there was a different occurrence than what was argued before the district judge originally, that there was a stop and a summons, correct? Yes. Okay, I think this is additional information. So it's a question of nomenclature, whether you call that a stop and a summons or an arrest. And that's the issue we're dealing with. And when the sentencing guidelines say arrest, and we are bound by what the Supreme Court says an arrest is, I find very little leeway to wiggle there. I understand your position, Judge Rock. However, our view is that when you have someone, this report says that there was an arrest. Keep in mind, they're relying on Leal-Fleox, which says that one of the ways an arrest can occur for purposes of the sentencing guidelines is being told that you're under arrest. We have that as well as the issuance of the summons. So even under their case authority, it still qualifies as an arrest. It goes back almost to the hypothetical I gave Ms. Stern, state law. And the forms you're referring to could very likely be the standardized forms that are used that list the date of confrontation with the police as an arrest and call it an arrest date. There is the difficulty of what state law is going to have. There's going to be variations throughout. So essentially what you're saying the supplemental report said was that wherever he was arrested, called it an arrest, and they listed it that way on the form. And that's the basis of what you're arguing here today. You say that Mr. Lee did not object to it. Well, it's absolutely clear that he never objected to this supplemental appendix. So to the extent that he wants to argue what you just laid out, he has not raised that. He did not preserve it before the district court. I see I only have 23 seconds left. Yeah, we'll give you some time because we do want to hear from you about whether there was a forfeiture by the defendant of the aggravated assault characterization. It's our position there was actually a waiver, Your Honor. The explicit waiver, not forfeiture? Yes. And here's why. Because we all know Rule 32. We know the local Rule 32. The PSR came out with this information in it qualifying him as a career offender. Pursuant to Rule 32, he had the opportunity to respond, a time frame to respond, and object if he wanted to. We get to the sentencing hearing, and we know he knows how to respond because he files an objection to the intervening arrest. We get to the sentencing hearing, he's asked multiple times, is there anything else you want to object to? And he says no. We get to the AUSA's position on sentencing, and she points out that she actually called defense counsel and said, are you going to object on this? And she gets no response to that. So it's not until that is said that defense counsel says, I do object. I object based on Johnson. And at that point, that is a question of whether or not the residual clause is actually properly applied to Mr. Lay. Right. So anything that was unrelated to the residual clause is a forfeited argument? I believe it's waived, Your Honor. Okay. We can disagree about waiver or forfeiture. Right. What you just told us about their response regarding Johnson, I don't understand to be a declaration by defense counsel that we will not be making an argument under the enumerated. I understand your concern. Let me add just two points. One is he's asked a second time at the end of sentencing, and he simply reiterates Johnson. But I do agree with you that there is uncertainty over what is necessary for purposes of waiver. But your point is they clearly stated a Johnson argument and a Johnson argument alone. That's correct. And keep in mind, we are here with counseled parties. I mean, we have lawyers who are trained that are charged with knowing the law. So as the court contemplates what it means to actually waive something, keep in mind that that's where we are. It's not as if we were with someone who's unfamiliar with these issues. We've been dealing with these issues for at least, well, I don't want to date myself, but a pretty long time. Not as long as I have. So to suggest that someone is unfamiliar with the myriad issues that surround these is hard to fathom. However, let's go forward with the argument that it's forfeited. So we're under plain error review, correct? Plain error review means that the defendant needs to come up forward and show that there's a plain error. And in this case, the defendant's position is, I don't need to come forward with the documents to show whether or not I was properly qualified as a career offender, because I have a privilege that prevents me from doing that, and I have a duty to zealously represent my client. So we have the kind of odd situation of a defendant recognizing that he's in plain error review, but then being unwilling to come forward with the documents and instead have this court decide. And that's immaterial, I think, because you've already produced a Shepard document that shows there's not a That's correct, Your Honor, but it just demonstrates the difficulty we face when arguments aren't raised below. And Mr. Lay keeps reiterating, we had our one shot. We didn't have our one shot. He never said, I don't believe the force clause has been met here. Would the court like to hear anything on Tapia in my remaining overtime? I think we'll handle that on the briefs. Thank you, Ms. Irwin. Thank you. And we would ask that the court affirm the judgment of the district court. All right. Rebuttal from Ms. Stern, and perhaps you want to come to my aid about the paragraph 35-36. I thought Ms. Irwin gave a good answer when I accused her of being factually incorrect, but maybe you're going to show me why it wasn't such a good answer. By the time the supplemental appendix came out, the district court had already issued its findings. I direct Your Honor to appendix page 5. Even though Lay was not formally arrested following the first stop, it makes sense to treat this event as an intervening arrest. The supplemental appendix comes out, as Your Honor characterized it. I think that's correct. It really just indicates the probation officer's view that the district court came to the correct conclusion about applying this guideline. The narrative provided in paragraph 3 is really what we can rely on for the facts here. It's devoid of any reference to there having been an arrest that day. The supplemental appendix also references a number of forms, docket sheets. These are forms that have a space for arrest date. They don't have a space for date of apprehension, summons. That's what I mean. It goes back to state law. It goes back to the forms at the state. It goes back to what the state considers it as. What the state considers it as is irrelevant. The form doesn't establish that, as a factual matter, Mr. Lay was arrested that day. That's just a supremacy clause issue. Right. We need to have the federal definition of arrest. Exactly. But to Judge Fisher's earlier question, forget what the state says on the form. What the state actor does will determine whether an arrest occurred. What the state actor does. Or doesn't do. Correct. And then how the defendant does or does not reform his conduct. So I think the factual question is really a red herring. This issue is squarely before this court on the record as it stands. A traffic stop and a promise of a summons. How do you respond to the Seventh Circuit decision in Morgan? The Seventh Circuit's decision in Morgan rests on very flawed reasoning. Judge Easterbrook's opinion, he says that an arrest is the, excuse me, a traffic stop is an arrest in federal parlance. He cites Wren. He cites Hidari D. Those cases don't support that conclusion. Wren talks about how police officers only need reasonable suspicion in order to stop a car. We know officers need probable cause for an arrest, and we know that certain rights and requirements come along with an arrest that just aren't present in the traffic stop scenario. And what have we said about traffic stops, whether they're arrests or not? They're not arrests. Traffic stops are seizures, but they're not arrests. No, Terry, we said in Delphine Colina it's a Terry standard, right? Yes. An officer needs reasonable suspicion to stop a moving vehicle. Yes. Not probable cause. That's correct. And if I could briefly address the Johnson question and the issue of waiver. When counsel references Johnson and the fact that Pennsylvania aggravated assault can't qualify after Johnson, that can only be construed as an objection to the remaining – to the offense qualifying under the remaining clauses. What did Johnson say, though? Johnson said that the Armed Career Criminal Act's residual clause was void for vagueness. So, you know, we've got a distinction. There's one thing we know with these series of ACCA cases over the years is that there's a distinction between the enumerated offenses and the residual clause, right? Yes. And Johnson is only a residual clause argument. How could it be construed as more than that? Counsel doesn't just say, Johnson, you can't rely on the residual clause. He says Pennsylvania aggravated assault would not count as a crime of violence because Johnson applies to 2K2.1. Thank you. Okay, thank you, Ms. Stern. Court appreciates the excellent briefing and argument. We'll take the matter under its own.